# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

UNITED STATES OF AMERICA

v.     No. 5:19-cr-61-BJB

KRISTOPHER LEE WASHINGTON

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Kristopher Lee Washington is serving a 151-month prison sentence for two drug-distribution offenses. Washington moves for compassionate release due to his family circumstances under 18 U.S.C. § 3582(c)(1)(A). *See* Motion (DN 133) at 4. He contends that he is the only available caregiver for his two children. *Id.* at 5. But because his circumstances are not extraordinary and compelling and, in any event, the 18 U.S.C. § 3553(a) sentencing factors weigh against release, the Court denies Washington's motion.

## I.

Louisville Metro Police arrested Washington after seizing 510 grams of methamphetamine from the glove compartment of his vehicle. Presentence Investigation Report (DN 118) at 7. A grand jury charged Washington with one count of conspiracy to possess with intent to distribute and distribution of methamphetamine and one count of possession with intent to distribute methamphetamine. Indictment (DN 1). Washington eventually pled guilty to both counts. *See* Plea Agreement (DN 110); Fed. R. Crim. P. 11(c)(1)(B). Those crimes carry a minimum sentence of 10 years and a maximum sentence of life imprisonment. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. And they produced a sentencing guideline range of 151 to 188 months' imprisonment. Sentencing Tr. (DN 126) at 2. The Court ultimately sentenced Washington to 151 months' imprisonment and 5 years of supervised release. *See* Judgment (DN 121).

Washington is currently an inmate at FCI Terre Haute. He asked the BOP to seek compassionate release on his behalf, but the Bureau denied that request.

Approximately two months later, Washington filed the pro se motion for compassionate release now at issue. Motion at 6; Exhibit (DN 133-2) at 3.[1]

## II.

A district court must engage in a three-step inquiry before granting a compassionate-release motion under § 3582(c)(1)(A). *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quotation omitted). Release is appropriate only if the prisoner shows that "extraordinary and compelling reasons warrant the [sentence] reduction," (2) the Court determines that "any sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the prisoner "persuade[s] the district judge to grant the motion after the court considers the § 3553(a) factors." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022).

As to the first requirement, Congress did not define "extraordinary and compelling." So "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 519–20. An "'extraordinary and compelling reason' is one that is unusual, rare, and forceful." *McCall*, 56 F.4th at 1055.

As to the second requirement, "the Sentencing Commission has not [yet] adopted a policy statement that applies when a 'defendant (as opposed to the Bureau of Prisons) files' a motion." *Id.* So courts needn't address "step two" with defendant-filed motions. *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (quotations omitted). But "[i]f either of the remaining prerequisites are lacking, [the] motion fails." *United States v. Roman*, No. 21-3718, 2022 WL 363866, at *2 (6th Cir. Jan. 7, 2022) (quotation omitted).

## III.

### A. Extraordinary and Compelling Reasons

Washington's request for compassionate release is based solely on his family circumstances. He asserts that his children's mother's substance abuse incapacitates her, making Washington the only available caregiver for his children. Motion at 4; Letter (DN 133) at 1. He argues that this is an extraordinary and compelling reason for a sentence reduction, and maintains that if he is not released, his children will "probably" be put up for adoption. Motion at 4; Letter at 1.

---

[1] Given that Washington followed the BOP's administrative process before filing this suit, the Government concedes that Washington has exhausted his administrative remedies. *See* Response (DN 136) at 3.

While Washington's desire to care for his children is understandable and commendable, it is hardly "most unusual," or "far from common." "Identifying 'extraordinary and compelling reasons' is a task that focuses on post-sentencing factual developments." *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021). Here, Washington's two children had been placed in out-of-home care a full year and a half before Washington was sentenced for these offenses. Progress Report (DN 133-3) at 5. Washington's motion relies on his children's mother becoming "incapacitated." Motion at 4; Letter at 1. That she lost custody of her children, however, is not a new development—the children had already been removed from her home by Child Protective Services at the time of sentencing. PSR at 18–19. Because these facts are consistent with those at the time of sentencing, they cannot now be construed as "extraordinary and compelling reasons" to diminish a previously imposed sentence, "regardless of what the sentencing judge did or did not say at sentencing." *Hunter*, 12 F.4th at 572. And Washington cites no evidence that would contradict the report by the Indiana Department of Child Services that the children are taken care of and "doing well" in foster care. Progress Report at 6–9.

Given that Washington's two children were already in the care of the state at the time of his sentencing, and nothing material has changed in Washington's family circumstances, the record reveals no extraordinary and compelling reasons that would warrant his release. *See United States v. Lawrence*, No. 1:19-cr-20398, 2022 WL 2359789, at *2 (E.D. Mich. June 30, 2022) (death of the mother of an inmate's child was not extraordinary or compelling because it was known at the time of sentencing).[2]

**B. Section 3553(a) Factors**

Even if Washington had presented an extraordinary and compelling reason, release would not be justified under the § 3553(a) sentencing factors. Because he failed to discuss those factors in his motion, he necessarily has not made a convincing case that the sentencing court's § 3553(a) evaluation would be different if conducted today. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

The § 3553(a) factors include the nature, circumstances, and seriousness of the offense; the prisoner's history and characteristics; the need to promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and avoid unwarranted sentencing disparities; as well as additional factors familiar to the federal sentencing process. § 3553(a)(1)–(7). As in a sentencing hearing, a compassionate-release decision need not "specifically articulate its analysis of every single § 3553(a) factor" "as long as the record as a whole demonstrates that" the Court

---

[2] Because Washington "failed to demonstrate extraordinary and compelling reasons for compassionate release," the Court needn't "address ... [Washington's] post-release plan." *United States v. Sykes*, No. 21-1709, 2022 WL 1462466, at *3 (6th Cir. Mar. 15, 2022).

has taken the "pertinent factors" into account. *United States v. Jones*, 980 F.3d 980, 1114 (6th Cir. 2020).

The "nature and circumstances of the offense" weigh against release. § 3553(a)(1). An investigation revealed that three co-defendants had traveled to a motel to buy a pound of crystal methamphetamine from Washington. PSR at 7. Law enforcement officers eventually found 510 grams of methamphetamine, in addition to other drugs, in Washington's car. *Id.* He ultimately pled guilty to knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine. *See* Plea Agreement at 1–2. Methamphetamine is a destructive and addictive drug that can devastate users, families, and communities. The serious nature of the drug, particularly given the large quantities Washington had been dealing, cautions against early release.

Washington's "history and characteristics" also weigh against release. § 3553(a)(2). Washington has a criminal history spanning almost 15 years. In 2007, he was found guilty of possessing paraphernalia and more than 30 grams of marijuana. *Id.* In 2008, he was convicted for dealing cocaine. *Id.* at 10. Shortly after he was released from prison in 2014, he was convicted for unlawful possession of a firearm by a "serious violent felon." *Id.* at 13.

The original sentence was one that reflected the need to deter similar crimes, protect the public, and promote respect for the law. § 3553(a)(2). Washington's long criminal history gives the Court has little reason to disagree with the sentencing judge's determination that the sentence he received was and remains sufficient but not greater than necessary to address these concerns. Furthermore, the Court sentenced Washington at the lowest end of the guideline range. He has served just over three years—much less than half—of that sentence. Release at this point would not "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." § 3553(a)(2)(A). Nor would it protect the public from further crimes. § 3553(a)(2)(C).

None of the § 3553(a) factors discussed above support a departure from the sentencing judge's original determination. As for the other § 3553(a) factors, nothing suggests that the initial § 3553(a) assessment would or should differ today. *Sherwood*, 986 F.3d at 954.

## ORDER

The Court denies Washington's motion for compassionate release (DN 133).

Benjamin Beaton, District Judge
United States District Court

February 24, 2023