**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**UNITED STATES OF AMERICA**

**v.** **No. 5:19-cr-61-BJB-LLK**

**KRISTOPHER LEE WASHINGTON**

* * * * *

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255**

Kristopher Lee Washington and three co-defendants were indicted in this court on drug charges in 2019. DN 1. Following his indictment, Washington filed two motions to suppress evidence. In those motions, Washington argued that he was arrested without probable cause, that statements he made to law enforcement were involuntary, and that the drugs discovered during a search of his vehicle should be suppressed. *See* Motion to Suppress (DN 56); Supplemental Motion (DN 63).

After an evidentiary hearing, *see* DNs 69, 78, and supplemental briefing, *see* DN 90, the Court denied the motions. *See* Suppression Order (DN 97). Washington subsequently pled guilty. DN 100. His written plea agreement waived his rights to collaterally attack his sentence under 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct. Plea Agreement (DN 110) at 6. Washington also waived his appeal rights, except for his right to appeal the Court's denial of his motions to suppress. Plea Agreement at 5. His appeal failed, however. *United States v. Washington*, No. 21-5745, 2022 WL 1224553 (6th Cir. Apr. 26, 2022).

Washington then moved (again unsuccessfully) for compassionate release under 18 U.S.C. § 3582(c)(1)(A). DNs 133, 144.

Washington then filed a § 2255 motion to collaterally attack his conviction, asserting three claims of ineffective assistance and one challenging the constitutionality of his conviction and sentence. *See* Motion to Vacate (DN 145-1) at 3–4. The Court referred Washington's motion to Magistrate Judge King, who recommended that the Court deny it. Report & Recommendation (DN 154).

## I.

Washington's first ineffective assistance claim relates to his attempts to suppress incriminating statements. *Id.* at 3. He targets his lawyer's failure to "fil[e] a motion to reconsider and/or a motion for additional (more detailed) findings and conclusions" regarding his mental state and whether he was under the influence of drugs at the time he made the statements. *Id.*; *see* Motion to Vacate at 12–17. Judge King rejected this argument and explained that "[t]here was no prejudice" to Washington from his lawyer's failure to file these motions. R&R at 4. That was because Washington didn't explain what additional facts would have led to suppression and because other evidence discovered in an (unchallenged here) search of Washington's car "likely would have" led to Washington being "convicted anyway." *Id.*

Washington's second ineffective assistance claim maintains, in the same vein, that his lawyer should have introduced proof at the suppression hearing regarding the "types, quantities, timing, and potential adverse effects of the drugs [Washington] ingested prior to his arrest." *Id.*; *see* Motion to Vacate at 17. Judge King rejected this argument too. "In light of [Washington's] relatively unintoxicated behavior during the interview, it would have been pointless for counsel to attempt to prove … [he] was sufficiently intoxicated to warrant suppression." R&R at 4. And again, other evidence likely guaranteed his conviction anyway. *Id.*

For his third ineffective assistance claim, Washington says that his lawyer "unprofessionally failed to move for a downward variance." Motion to Vacate at 20. But Judge King concluded that Washington's lawyer *did*, in fact, request a downward variance at sentencing. R&R at 5; Sentencing Transcript (DN 126) at 3.

Finally, Judge King rejected Washington's various constitutional challenges to his conviction and sentence. *Id.* at 5–6. Washington surrendered his ability to advance these claims in his plea agreement, Plea Agreement at 6, and, in any event, failed to sufficiently argue them in his motion to vacate. R&R at 5–6.

These conclusions, together, led Judge King to recommend that the Court deny relief and deny a certificate of appealability. *Id.*; *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (an applicant must make "a substantial showing of the denial of a constitutional right" to obtain a certificate of appealability).

## II.

No party has objected to the Report and Recommendation. So the law allows this Court to adopt it without review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Nevertheless, the Court has reviewed and finds no error in Judge King's conclusions. Accordingly, the Court adopts the Report and Recommendation (DN 154).

## ORDER

The Court adopts Judge King's report and recommendation (DN 154), denies Washington's motion to vacate (DN 145), and denies Washington's request for a certificate of appealability.

Benjamin Beaton, District Judge
United States District Court

September 30, 2026